**Revised March 8, 2000**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-60654
_____

NEW YORK LIFE INSURANCE COMPANY,

Plaintiff-Appellant,

versus

SHEREE GILLISPIE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
_____
February 22, 2000

Before GARWOOD, WIENER, and DeMOSS, Circuit Judges.

WIENER, Circuit Judge:

In this insurance coverage dispute, Plaintiff-Appellant New York Life Insurance Company ("New York Life") asks us to reverse the district court's dismissal of its motion for a preliminary injunction enjoining on grounds of res judicata and collateral estoppel a lawsuit brought against it in state court by Defendant-Appellee Sheree Gillispie. The district court ruled that the issuance of such an injunction is prohibited by the Anti-Injunction Act, 28 U.S.C. § 2283, which generally denies the federal courts the power to enjoin state court proceedings. New York Life contends that the district court erred in so ruling, arguing that

the instant case falls within the relitigation exception to the Anti-Injunction Act.  Agreeing with New York Life, we reverse and

remand with instructions to the district court to enter the injunction.

I
*Facts and Proceedings*

Ronald Gillispie died in 1993. His wife, Sheree Gillispie, is the named beneficiary of a life insurance policy issued to Mr. Gillispie by New York Life Insurance Company. Shortly after Mr. Gillispie's death, Mrs. Gillispie submitted a claim to New York Life alleging entitlement to the proceeds of the policy. New York Life denied the claim, contending that Mr. Gillispie's death was the result of a suicide. Suicide is unambiguously excluded from coverage under the policy.

In 1995, Mrs. Gillispie filed a complaint against New York Life in the United States District Court for the Northern District of Mississippi, alleging breach of contract and bad faith denial of benefits. New York Life moved for summary judgment. Mrs. Gillispie's attorney did not respond to the motion. In early 1996, the court granted New York Life's motion for summary judgment, explicitly finding that "[a]ll evidence points to the decedent's death as a suicide."

Mrs. Gillispie subsequently hired new counsel to represent her. Her new attorney succeeded in convincing the Chancery Court of Tippah County, Mississippi to order the issuance of an amended death certificate declaring the cause of Mr. Gillispie's death to be accidental. In 1997, Mrs. Gillispie filed another complaint

against New York Life, this time in the Circuit Court of Tippah County, Mississippi.  The complaint stated the same basic causes of action as had the 1995 federal suit, alleging breach of contract and bad faith denial of benefits.

New York Life removed the suit to federal court, but it was subsequently remanded for lack of diversity jurisdiction.  New York Life then brought the instant action in federal district court, seeking to enjoin the state court proceedings on grounds of res judicada and collateral estoppel.  The district court dismissed New York Life's action with prejudice, finding that (1) it was barred by the Anti-Injunction Act and (2) the relitigation exception to the Anti-Injunction Act was inapplicable.  This appeal followed.

II
*Analysis*

A.    Standard of Review

We review the denial of a preliminary injunction for abuse of discretion.[1]  Conclusions of law made with respect to the denial of a preliminary injunction, however, are reviewed *de novo*.[2]  The only issue before the Court is the proper scope and application of the relitigation exception to the Anti-Injunction Act.  Our review is therefore *de novo*.

B.    The Relitigation Exception to the Anti-Injunction Act

---

[1] Hoover v. Morales, 146 F.3d 304, 307 (5th Cir. 1998).

[2] Peaches Entertainment Corp. v. Entertainment Repertoire Assocs., Inc., 62 F.3d 690, 693 (5th Cir. 1995).

Although the Anti-Injunction Act generally denies federal courts the power to "grant an injunction to stay proceedings in a State court,"[3] it provides that a federal court may enjoin state court proceedings "to protect or effectuate its judgments."[4]  This exception "was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court.  It is founded in the well-recognized concepts of res judicata and collateral estoppel."[5]  We apply a four-part test to determine whether the exception is applicable:

> First, the parties in a later action must be identical to (or at least in privity with) the parties in a prior action.  Second, the judgment in the prior action must have been rendered by a court of competent jurisdiction.  Third, the prior action must have concluded with a final judgment on the merits.  Fourth, the same claim or cause of action must be involved in both suits.[6]

The only issue before us today is whether Mrs. Gillispie's 1997 state suit presents "the same claim or cause of action" as did her 1995 federal suit.[7]

The parties have manifestly different views concerning the issues presented by Mrs. Gillispie's two lawsuits.  New York Life contends that the two suits present the same issue:  Whether Ronald

---

[3] 28 U.S.C. § 2283

[4] Id.

[5] Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 147 (1988).

[6] United States v. Shanbaum, 10 F.3d 305, 310 (5th Cir. 1994).

[7] Id.

Gillespie died as the result of a suicide or as the result of an accident. Mrs. Gillispie, on the other hand, contends that the first lawsuit merely determined whether New York Life had a contractual duty to pay based on then-available evidence, whereas the purpose of the second lawsuit is to have the courts determine whether New York Life has a contractual duty to pay based on now-available evidence, central to which is the amended death certificate.

The district court erred in adopting Mrs. Gillispie's view of the case. We use a transactional test to determine whether two claims involve the same cause of action, under which the critical question is "not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts."[8] In evaluating the res judicata effect of a prior claim on a subsequent one, the transactional test does not inquire whether the same evidence has been presented in support of the two claims, but rather asks whether the same key facts are at issue in both of them. In both of Mrs. Gillispie's claims, there is only one key fact that is relevant: Whether Ronald Gillispie died as the result of a suicide or as the result of an accident. The 1995 federal suit resulted in a summary judgment determination that "[a]ll evidence points to the decedent's death as a suicide." Mrs. Gillispie can only win her 1997 state suit by convincing the state court that the 1995 federal judgment was in error. This is

---

[8] Agrilectric Power Partners v. General Elec. Co., 20 F.3d 663, 665 (5th Cir. 1994).

precisely the type of claim that is barred by the doctrine of res judicata, and that in turn is precisely the type of situation that the relitigation exception to the Anti-Injunction Act is intended to cover.

It is true, as Mrs. Gillispie points out, that the federal court did not determine in 1995 whether New York Life breached its contract by refusing to pay once the court-amended death certificate showing death to be accidental was submitted. Indeed, the court could not have made such a determination because the amended death certificate did not exist in 1995. But Mrs. Gillispie is wrong in her contention that the federal judgment in 1995 merely determined that New York Life did not owe an obligation to Mrs. Gillispie <u>on the basis of then-existing evidence</u>, leaving open to question whether New York Life might in the future come to owe an obligation to Mrs. Gillispie should new evidence emerge. New York Life's contractual obligation to Mrs. Gillispie is not a transient thing, dependent on kaleidoscopic evidence and subject to relitigation each time a new or revised fact emerges. Rather, New York Life's contractual obligation is a fixed and determinate thing, and is dependent only on the actual events surrounding Ronald Gillispie's death.

The 1995 federal judgment determined that Ronald Gillispie's death was the result of a suicide. If the federal court's decision were based on faulty evidence, Mrs. Gillispie's proper courseof action was to invoke Rule 60 of the Federal Rules of Civil

Procedure, which allows for the setting aside of a judgment on the basis of newly discovered evidence.  Merely filing a new claim in a different forum offends the doctrine of res judicata.

As this case clearly falls within the boundaries of the relitigation exception to the Anti-Injunction Act, we reverse the judgment of the district court and remand the case to the district court (1) for issuance of an injunction enjoining Mrs. Gillispie from further prosecuting her state court action against New York Life and (2) for any further proceedings that are necessary, consistent with this opinion.


REVERSED; REMANDED with instructions.