United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 06-20666
Summary Calendar
_____

ALPHONSO O. MOODY,

Plaintiff - Appellant,

versus

KRAFT FOODS GLOBAL INC.,
formerly known as Kraft Foods North America Inc.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:05-CV-1765

_____

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The Appellant, Alphonso O. Moody ("Moody") appeals the district court's grant of summary judgment to Kraft Foods Global Inc. ("Kraft"). For the following reasons, we affirm the judgment of the district court.

On April 22, 2004, Moody filed suit against Kraft alleging race and national origin discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended, and the Civil Rights Act of 1991, 41 U.S.C. § 1981, et seq., as

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

amended.  Specifically, Moody claimed that Kraft had excluded him from advancement or promotion because of his race and had retaliated against him for complaining about the company's alleged failure to promote him.  He also alleged intentional infliction of emotional distress.

On September 24, 2004, Kraft filed a motion for summary judgment.  On December 10, 2004, while the summary judgment motion was pending, Moody filed an opposed motion for leave to amend his complaint to delete his race discrimination claim and to replace it with an age discrimination claim.[1]  Moody never filed a response to the summary judgment motion.  On July 7, 2005, United States District Court Judge Lynn Hughes denied Moody's motion for leave to amend and granted summary judgment in favor of Kraft.  Moody did not appeal.

While his first case was ongoing, Moody filed the instant action against Kraft, alleging age discrimination, in the 125th Judicial District of Harris County.  On May 17, 2005, Kraft removed the case to federal district court based on diversity jurisdiction.  On September 19, 2005, Kraft filed a motion to dismiss, or in the alternative, a motion for summary judgment, arguing Moody's claims are barred by res judicata, collateral estoppel, and waiver.  Finding that res judicata barred Moody's second suit, the district

---

[1] While the summary judgment motion was pending, Moody also filed a Second Request for Conference Motion, a Motion and a Renewed Motion for Discovery, and a Motion to Continue the Deadline for Filing a Response to Kraft's Motion for Summary Judgment.

2

court granted summary judgment in favor of Kraft.  Moody timely appealed.

After careful review of the record, we conclude that the district court correctly determined that Moody's age discrimination claim is barred.  The parties are identical in both suits; a final judgment on the merits was rendered in the first suit; both judgments were rendered by courts of competent jurisdiction; and the claims in both lawsuits arise out of the same nucleus of operative facts relating to Kraft's treatment of Moody.  Nilsen v. City of Moss Point, Mississippi, 701 F.2d 556, 559 (5th Cir. 1983).  Moody's primary argument that District Judge Hughes never decided or had jurisdiction over his age discrimination claim because Judge Hughes refused to allow him to amend his complaint is meritless.  But for his "own dilatoriness, [Moody] could have – and therefore should have – timely asserted [his age discrimination claim] in [his] initial lawsuit." Bishop v. Kerr-McGee, 57 Fed. Appx. 211 at * 1 (5th Cir. 2003) (unpublished) (per curiam).  In any event, his opportunity to raise any error by District Court Judge Hughes in refusing to allow him to amend his complaint would have been in a appeal of that final judgment.  Because Moody "can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred." Test Masters Educ. Servs. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005) (citing New York Life Insur. Co. v. Gillispie, 203 F.3d 384, 387 (5th Cir. 2000).

3

For essentially the reasons set forth in its well-reasoned opinion, the ruling of the district court is

AFFIRMED.