# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2011

No. 10-20432

Lyle W. Cayce
Clerk

SHELTON R. MODELIST,

Plaintiff - Appellant,

v.

JUDGE GRAY H. MILLER; LINDSAY LEE LAMBERT; CHALISE R. STOVALL; MICHAEL GOMEZ; R. DEWAYNE DANNER; HILLARY GREEN; LINDA STOREY; TIFFANY R. MOONEY; COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA HOME LOANS; REX L. KESLER; JUDGE SAMUEL B. KENT; AAMES FUNDING, CORPORATION., also known as Deutsche Bank National Trust, Co.; ACCREDITED HOME LENDERS, INC.,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC 4:10-CV-955

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Shelton Modelist appeals the district court's dismissal of his 42 U.S.C. § 1983 claim against several judges, attorneys, and banks involved in foreclosure proceedings against his property. Modelist alleged that the defendant-appellees

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20432

conspired with each other to deprive him of his constitutional rights, including due process, equal protection, and his right of access to the courts. Modelist also appeals the district court's imposition of sanctions against him, arguing that the district court erred in denying him notice and an opportunity to contest the motion for sanctions filed by two of the defendants. We AFFIRM.

## I. BACKGROUND

This is the fourth lawsuit Modelist has filed seeking to challenge adverse rulings in foreclosure proceedings instituted in both federal and Texas state court against some property Modelist owned in Texas. In the original suit, Modelist received a full trial on the merits and lost. Thereafter, he has filed various lawsuits all of which have, at their core, been based on his apparent belief that he should have won the original lawsuit. In this latest lawsuit, that belief takes the form of accusing almost everyone involved in the prior lawsuits of being in a vast and far-flung conspiracy to deprive him of his constitutional rights. The alleged co-conspirators include several state and federal judges and the attorneys for the winning parties. All of the defendants filed motions to dismiss the suit pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). The district court struck Modelist's motion for an extension of time to reply to the motions to dismiss, finding that Modelist's motion failed to comply with the court's local rules. Modelist filed responses to three of the motions to dismiss on May 10, 2010. The district court granted the motions to dismiss on May 10 and May 11, 2010. On May 10, the district court also issued an order awarding sanctions against Modelist. The district court found that Modelist's lawsuit had no basis in law or in fact and that Modelist failed to make a reasonable inquiry into the facts and law before filing suit.

Modelist then filed a motion to vacate pursuant to Federal Rule of Civil Procedure 59(e) and a motion seeking leave to proceed in forma pauperis on appeal. The district court denied both of those motions. Modelist thereafter

filed his notice of appeal and a separate motion with this court seeking to proceed in forma pauperis.  We have carried that motion with the case.  *See generally* 28 U.S.C. § 1915; FED. R. APP. P. 24.

## II.  DISCUSSION

### A.  Striking Modelist's Motion for Extension of Time Was Not an Abuse of Discretion

We find no merit to Modelist's first argument that the district court erred in striking his motion for an extension of time to file his responses to the defendants' motions to dismiss.  "We review the district court's administrative handling of a case, including its enforcement of the local rules and its own scheduling orders for abuse of discretion."  *Macklin v. City of New Orleans*, 293 F.3d 237, 240 (5th Cir. 2002).  Modelist received notice of the deficiencies in his motion and did not resubmit a corrected motion.  Although claiming that the district court's enforcement of the local rules deprived him of constitutional rights, Modelist filed responses to three of the defendants' motions to dismiss. He has not shown how the outcome in this case would have been different had he been given more time to respond.  Further, we have considered his arguments against dismissal in this appeal.  We find no abuse of discretion here.

### B.  Modelist's Suit Was Properly Dismissed

We next turn to whether the district court erred in dismissing Modelist's suit.  We review "a district court's dismissal under Rule 12(b)(6) *de novo*, 'accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs.'"  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam)).  However, "we will not 'strain to find inferences favorable to the plaintiffs'" nor "accept conclusory allegations, unwarranted deductions or legal conclusions."  *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (citation omitted).

No. 10-20432

Modelist's conspiracy theory is frivolous.  Long on invective and virtually devoid of any relevant facts, Modelist's claims fail for various reasons.  First, to succeed on his claim, Modelist must relitigate in federal court the validity of prior federal and state court judgments.  He is barred from doing so by preclusion principles.  *See N.Y. Life Ins. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000) (noting that a party could only win her state suit by convincing the state court that the earlier federal judgment was in error, and this constituted exactly the type of claim barred by the doctrine of res judicata); *see Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 960 F.2d 1286, 1293 (5th Cir. 1992) ("A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not . . . reopen that question in a collateral attack upon an adverse judgment.  It has long been the rule that principles of res judicata apply to jurisdictional determinations both subject matter and personal." (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982))).

Further, Modelist seeks money damages from the defendants, some of whom are judges entitled to absolute immunity from such suits for actions taken in their judicial capacity.  *See Holloway v. Walker*, 765 F.2d 517, 522 (5th Cir. 1985) ("It is a well established rule that where a judge's absolute immunity would protect him from liability for the performance of particular acts, mere allegations that he performed those acts pursuant to a bribe or conspiracy will not be sufficient to avoid the immunity.").  Modelist provides no support for his conclusory assertions that the judges acted in a clear absence of all jurisdiction as required to overcome their absolute immunity.  *See id.* at 523 (stating that "[j]udicial immunity does not extend to acts committed with a clear absence of all jurisdiction," but "where the alleged harm, though resulting from a bribe or conspiracy, was inflicted by acts to which absolute immunity would apply, the

4

complaint is insufficient to avoid judicial immunity").[1] As far as the defendants who are not judges, he provides no facts whatsoever to support a claim that they "corruptly conspired" with a judge, *see Dennis v. Sparks*, 449 U.S. 24, 29 (1980); *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 353 (5th Cir. 2003), as necessary to make them state actors for §1983 purposes. "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis*, 449 U.S. at 28.

Ultimately, Modelist failed to provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and the district court did not err in dismissing his claim. *See Arsenaux v. Roberts,* 726 F.2d 1022, 1023-24 (5th Cir. 1982) (affirming dismissal of § 1983 claim based on an alleged conspiracy between a lawyer and judge to secure a divorce, as "[t]he conspiracy allegations made by [the plaintiff] were conclusory, and more than a blanket of accusation is necessary to support a § 1983 claim"). However much Modelist sincerely believes that he should not have lost the first lawsuit, this relentless and repetitive litigation must end.

### C. Sanctions Against Modelist Were Proper

We therefore turn to the issue of whether the district court erred in imposing sanctions on him.[2] "We review the imposition of sanctions under Rule 11 for abuse of discretion. A district court necessarily abuses its discretion in imposing sanctions if it bases its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Elliott v. Tilton*, 64 F.3d 213, 215 (5th Cir. 1995). On April 13, 2010, the district court entered a show cause order

---

[1] Although "[j]udicial immunity does not extend to actions for equitable and declaratory relief under section 1983," *Holloway*, 765 F.2d at 525 (citing *Pulliam v. Allen*, 466 U.S. 522 (1984)), Modelist's conclusory assertions of conspiracy are without factual support.

[2] We note that a district court has jurisdiction to impose Rule 11 sanctions regardless of the existence of subject-matter jurisdiction. *See Willy v. Coastal Corp.*, 503 U.S. 131, 137-39 (1992).

requiring Modelist to explain why his claim was not frivolous. On April 21, two of the defendant-appellees filed a motion for sanctions. The court held the show cause hearing on April 28, but did not make any findings or impose sanctions at that time. On May 10, the district court granted sanctions, finding the defendants' motion "well taken" and stating in its order that Modelist filed a frivolous lawsuit without making a reasonable advance inquiry into the facts and law.

Because Modelist was not served with the defendants' motion for sanctions pursuant to the safe-harbor provision of Rule 11(c)(2),[3] an award of sanctions based on the defendant-appellees' motion would not be proper.[4] However, a district court may *sua sponte* impose sanctions on a litigant pursuant to Rule 11(c)(1) if the court first gives the litigant notice and an opportunity to be heard.

---

[3] A party must serve its motion for sanctions on the opposing party at least twenty-one days before filing the motion with the court. FED. R. CIV. P. 11(c)(2). We cannot affirm the sanctions award on this ground because we find no indication that the defendant-appellees acted in accordance with the safe harbor provision. *See Elliott*, 64 F.3d at 216 (finding sanctions under Rule 11 inappropriate because the party seeking sanctions did not comply with the procedural "safe harbor" prerequisite of serving the motion before filing it); *see also Tompkins v. Cyr*, 995 F. Supp. 689, 693 (N.D. Tex. 1998) (refusing to impose Rule 11 sanctions because the defendants did not comply with the "safe harbor" requirement; rather the certificates of service showed that the motions were served on opposing counsel either the day they were filed or shortly before). However, we also note that the purpose of the safe harbor provision is to allow a party the opportunity to avoid sanctions by withdrawing a frivolous pleading. Modelist has not attempted to withdraw his lawsuit. Instead, he continues to vigorously argue the merits of it.

[4] The defendants' motion also listed 28 U.S.C. § 1927 as authority for sanctions against Modelist. The district court's order only referred to the Rule 11 "reasonable inquiry" requirement. We leave open the question of whether § 1927 sanctions can be imposed against a *pro se* litigant because even if they could, the district court did not make the requisite "detailed findings to determine whether the requirements of the statute have been met, and which, if any, excess costs, expenses or attorney's fees were incurred because of [the plaintiff's] vexatious multiplication of the proceedings." *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir. 1991). We also find no basis cited in the order for imposing sanctions pursuant to the district court's inherent authority. *See Elliot*, 64 F.3d at 217 (noting that "the threshold for the use of inherent power sanctions is high" and that "in order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in 'bad faith'" (citations omitted)).

No. 10-20432

*See Elliott*, 64 F.3d at 216 (noting that a court may order sanctions on its own initiative if it enters an order describing the offending conduct and directing the offending parties to show cause why Rule 11 has not been violated). Here, the district court issued a show cause order demanding that Modelist demonstrate why his suit was not frivolous. The docket reflects that the district court also held an oral hearing on the motion.[5] Modelist had an opportunity to respond to the show cause order both at the hearing and in subsequent responses and motions he filed with the court. The amount of sanctions was based upon requests from defendants' counsel of which Modelist also had notice and an opportunity to respond. Given these facts, we find that Modelist received the due process required by the law. Accordingly, we AFFIRM the award of sanctions as an exercise of the district court's *sua sponte* powers under Rule 11(c).[6]

### D. Modelist's Motion to Proceed In Forma Pauperis Should be Denied

We also DENY Modelist's motion to proceed in forma pauperis, as that motion was not filed within the thirty-day time limit specified by Federal Rule of Appellate Procedure 24.[7]

---

[5] We have not been provided with a transcript of the hearing on the show cause order. Modelist had the burden of providing that transcript to this court to support his argument that the district court never alerted him to the possibility of sanctions as a result of his frivolous suit. *See* FED. R. APP. P. 10; *Alizadeh v. Safeway Stores*, 910 F.2d 234, 237 (5th Cir. 1990) (rejecting an argument that the district court erred in finding a suit frivolous because the appellant did not meet her "burden of including in the record a transcript of the evidence pertinent to the finding in question").

[6] Although it seems that the district court awarded sanctions against Modelist pursuant to the defendant-appellees' motion, we may affirm that award on an alternative ground supported by the record. *See Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992) ("We can, of course, affirm the district court's judgment on any grounds supported by the record.").

[7] Rule 24 provides that: "[a] party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4)." FED. R. APP. P. 24(a)(5). The district court denied Modelist's motion to proceed in

No. 10-20432

AFFIRMED; MOTION TO PROCEED IN FORMA PAUPERIS DENIED.

---

forma pauperis on June 21, 2010.  Modelist did not file his motion with this court until August 10, 2010.