# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30679
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2016

Lyle W. Cayce
Clerk

NARISSA DAWN BRADFORD,

> Plaintiff - Appellant

v.

THE LAW FIRM OF GAUTHIER, HOUGHTALING & WILLIAMS, L.L.P.;
JAMES M. WILLIAMS, Esquire; EARL G. PERRY, Esquire,

> Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-2407

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

In February 2012, Plaintiff–Appellant Narissa Bradford retained Defendants–Appellees Gauthier, Houghtaling & Williams, L.L.P., James Williams, and Earl Perry (collectively, "GHW") to assist in an ongoing civil suit in an Italian court brought by Bradford against her former companion. After the Italian civil suit was unsuccessful, Bradford filed the present *pro se* action

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

against GHW, alleging that GHW had committed legal malpractice during the course of its representation.[1] On September 8, 2014, the district court granted GHW's motion for summary judgment, dismissing Bradford's claims with prejudice. On May 15, 2015, Bradford filed a Rule 60(b) motion, requesting relief from the earlier judgment on the grounds of newly discovered evidence, fraud by GHW, and any other reason that justifies relief. The district court denied the Rule 60(b) motion, and Bradford timely appeals that denial.[2]

"[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Edwards v. City of Hous.*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc). Bradford argues that the district court abused its discretion in denying her relief on the grounds of "newly discovered evidence," fraud, and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(2)–(3), (6). We disagree.

First, in order to prevail on the grounds of newly discovered evidence, "a movant must demonstrate: (1) that [she] exercised due diligence in obtaining the information [and] (2) that the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005)

---

[1] While Bradford's complaint does not expressly allege a claim for legal malpractice, "[a] *pro se* complaint is to be construed liberally." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). Bradford's amended complaint relies on certain actions taken, or failures to take action, by GHW during its representation of Bradford. Therefore, like the district court, we construe her complaint as raising a legal malpractice claim against GHW. *See* La. Stat. Ann. § 9:5605 (noting that an action for legal malpractice may be "based upon tort, or breach of contract, or otherwise").

[2] Bradford filed her Rule 60(b) motion eight months after the district court entered final judgment, and therefore "it did not restart the time limit for filing a timely notice of appeal from the dismissal of [her] suit." *Chhim v. Univ. of Hous.*, 582 F. App'x 406, 406 (5th Cir. 2014) (per curiam) (unpublished); *see also* Fed. R. App. P. 4(a)(4)(A)(vi). Bradford timely appealed the district court's denial of Rule 60(b) relief, but "an appeal from the denial of Rule 60(b) relief does not bring up the underlying judgment for review." *Williams v. Chater*, 87 F.3d 702, 705 (5th Cir. 1996). We therefore only consider Bradford's appeal of the district court's denial of the Rule 60(b) motion.

No. 15-30679

(quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)).  In particular, the movant must have "used due diligence to discover the evidence *at the time of trial.*"  *Johnson Waste Materials v. Marshall*, 611 F.2d 593, 597 (5th Cir. 1980) (emphasis added).  Bradford has failed to demonstrate that she exercised due diligence because the "newly discovered evidence" consists of documents and emails that were in the possession of Marco Chiari, Bradford's Italian counsel (and GHW's former co-counsel) in the Italian civil suit.  Bradford has provided no explanation for why she had not previously obtained this evidence and expressly stated that she only initiated her investigation into the evidence after her claims were dismissed with prejudice.[3]  The district court therefore did not abuse its discretion in denying relief under Rule 60(b)(2).

Second, Bradford alleges that GHW engaged in fraud by withholding documents during discovery, and therefore the district court erred by not granting relief under Rule 60(b)(3).  *See* Fed. R. Civ. P. 60(b)(3) (providing relief if an opposing party commits "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct").  However, the movant must establish not only that the adverse party engaged in fraud or other misconduct, but that "this misconduct *prevented the moving party from fully and fairly presenting* [*her*] *case.*"  *Hesling*, 396 F.3d at 641 (emphasis added).  Even if GHW had wrongfully withheld documents during discovery,[4] Bradford has

---

[3] Moreover, while Bradford relies heavily on an expert report she submitted with her Rule 60(b) motion, she previously waived her right to utilize expert testimony, and she has not provided any plausible ground for why she did not previously pursue such an expert report.

[4] Throughout the proceedings below, Bradford repeatedly made conclusory allegations that GHW withheld documents during discovery without providing significant evidentiary support.  *See Hesling*, 396 F.3d at 641 ("The moving party has the burden of proving the misconduct by clear and convincing evidence.").  And, as the district court correctly noted, the majority of the "newly discovered evidence" involved emails sent and received by Chiari

## No. 15-30679

failed to show that she was prevented from presenting her case because she could have easily obtained those documents from Chiari.  Indeed, attached to Bradford's Rule 60(b) motion were multiple exhibits where Chiari stated that he still possessed the original documents from the Italian civil suit. Accordingly, there was no abuse of discretion in denying relief under Rule 60(b)(3).

Finally, Bradford was not entitled to relief for "any other reason that justifies relief."[5]  Fed. R. Civ. P. 60(b)(6).  Bradford has failed to advance any separate ground for relief under Rule 60(b)(6) that is not already covered by Rule 60(b)(2) and (b)(3).  *See Hesling*, 396 F.2d at 643 ("The reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b)."); *Hess v. Cockerill*, 281 F.3d 212, 216 (5th Cir. 2002) ("[Rule 60(b)(6)] is a catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions.").

We therefore AFFIRM the judgment of the district court.

---

that were not in GHW's possession, custody, or control.  *See* Fed. R. Civ. P. 34(a) (allowing a party to request certain items within the "responding party's possession, custody, or control").

[5] While Bradford contends that the district court failed to address her request for relief under Rule 60(b)(6), the district court expressly held that "[Bradford] is not entitled to relief from final judgment [under Rule 60(b)(3)] or *any other basis*."