# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30037
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2017

Lyle W. Cayce
Clerk

NARISSA DAWN BRADFORD,

Plaintiff - Appellant

v.

LAW FIRM OF GAUTHIER, HOUGHTALING & WILLIAMS, L.L.P.;
JAMES M. WILLIAMS, Esquire,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-3692

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Narissa Dawn Bradford ("Bradford"), proceeding *pro se,* appeals the district court's dismissal of her complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The district court held that the claims in the instant lawsuit were barred by the doctrine of *res judicata* because these claims arose "out of all or

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

part of the transaction at issue" in a previous lawsuit between the instant parties.  Finding no reversible error, we AFFIRM.

## I.     BACKGROUND AND PROCEDURAL HISTORY

In 2012, Bradford retained Defendants-Appellees Gauthier, Houghtaling & Williams, L.L.P., Earl Perry, and James Williams (collectively "GHW") to represent her with respect to a lawsuit in Italy against her former companion. Bradford was ultimately unsuccessful in that lawsuit.

Subsequent to the Italian lawsuit but prior to the underlying lawsuit, Bradford filed *pro se* a malpractice lawsuit against GHW in federal district court.  In the complaint, Bradford alleged that GHW had violated Louisiana's Rules of Professional Conduct and breached the contract with her.  The complaint sought $30,000,000 in damages.  After GHW filed an answer to the complaint, Bradford filed a motion for leave to file an amended complaint. Bradford's motion provided that the proposed amended "complaint maintains the counts and allegations against the same defendants from the original complaint, but accounts for the significant factual and procedural developments that have occurred since the original complaint was filed."  The district court granted Bradford's motion for leave to file the amended complaint.

GHW answered the amended complaint, and Bradford moved for leave to file a second amended complaint.  In the second amended complaint, Bradford alleged that the documents that GHW produced during discovery demonstrated "(1) fraudulent acts (2) perjury (3) concealing of documents (4) scrambling of documents and (5) non-fulfillment on behalf of the GHW Defendants."  Accordingly, Bradford sought leave to amend her complaint to include these five claims.  The district court opined that "[t]hese allegations center around the documents that the GHW Defendants produced in response to Bradford's discovery requests, and do not fundamentally alter the nature of

the action already filed against Defendants." The court found that these additional claims were not separate from the claims set forth in her original and amended complaints. Instead, the court ruled that these "claims" simply clarified factual allegations with respect to her malpractice claim that GHW failed to produce all relevant documents. Viewed in that light, the court found the proposed second amended complaint "to be more akin to a more definite statement of how [GHW] may have breached their fiduciary duties or acted grossly negligent, versus entirely new claims of relief." The court granted the motion to amend in part and denied it in part.

More specifically, the court denied the motion for leave to file the second amended complaint with respect to fraud, finding that Bradford had failed to plead with specificity or particularity which of the allegations properly constituted fraud. The court also denied leave to amend the complaint with respect to perjury because Bradford had not set forth factual allegations specifying how GHW committed perjury. The court granted the motion to amend with respect to "concealing of documents, non-fulfillment on behalf of GHW Defendants, refusal to file an important opposition document [and] scrambling documents."

GHW filed a motion for summary judgment, and the district court granted summary judgment. Subsequently, Bradford filed a Rule 60(b) motion, alleging newly discovered evidence and fraud. The district court denied the motion.

Bradford appealed only the denial of her Rule 60(b) motion. On appeal, we held that the district court had not abused its discretion in denying the motion. *Bradford v. The Law Firm of Gauthier, Houghtaling & Williams, L.L.P. et al*, 633 F. App'x 276 (5th Cir. 2016). We stated that Bradford failed to show that she had exercised due diligence in light of the fact that the "'newly discovered evidence' consists of documents and emails that were in the

No. 17-30037

possession of Marco Chiari, Bradford's Italian counsel (and GHW's former co-counsel) in the Italian civil suit." *Id.* at 277. Moreover, we pointed out that "the majority of the 'newly discovered evidence' involved emails sent and received by Chiari that were not in GHW's possession, custody, or control." *Id.* at n.4.

Two months later on April 22, 2016, Bradford, proceeding *pro se,* once again filed suit in district court against GHW.[1] Her complaint alleged fraud, perjury, concealing evidence and violation of the pretrial notice with respect to the prior lawsuit between the instant parties. Bradford sought $30,035,000 in damages.

Bradford filed a motion to recuse the district judge. Bradford asserted that Judge Milazzo "has personal knowledge of the facts pertaining to Bradford's [prior] Civil Action No. 13-2407." The district court denied the recusal motion, stating that Bradford's assertion was not a basis for recusal pursuant to 28 U.S.C. § 455.

Subsequently, on August 16, GHW filed a motion to dismiss for failure to state a claim, arguing that Bradford's claims were barred by the doctrine of *res judicata.* Bradford filed a motion in opposition, arguing that the cause of action in the prior litigation was legal malpractice, which differs from the fraud and perjury claims alleged in the instant lawsuit. On January 10, 2017, the district court granted the motion to dismiss, ruling that *res judicata* barred the claims because the claims brought in the second suit were or could have been advanced in support of the first suit. Bradford thereafter filed a notice of appeal.

---

[1] Unlike the first suit, this complaint did not name Earl Perry as a defendant.

No. 17-30037

## II.     STANDARD OF REVIEW FOR RULE 12(b)(6)

We review *de novo* a district court's grant or denial of a Rule 12(b)(6) motion, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007).  However, we do not hold *pro se* complaints to the same standards as formal pleadings filed by attorneys. *Calhoun v. Hargrove,* 312 F.3d 730, 734 (5th Cir. 2002).

## III.     ANALYSIS

### A. Raising *Res Judicata* in a Rule 12(b) motion

Bradford contends that GHW should not have argued *res judicata* as a basis for dismissal in a Rule 12(b) motion to dismiss.  Instead, Bradford contends that GHW should have pleaded it as an affirmative defense.

Bradford is correct that the affirmative defense of *res judicata* is not expressly listed as a defense that may be asserted in a motion pursuant to Rule 12(b). *See* Rule 12(b).  Instead, *res judicata* is listed as an affirmative defense in Federal Rule of Civil Procedure Rule 8(c).  This Court has opined that according to Rule 8(c), a defendant should plead *res judicata* in the answer to the complaint. *Lafreniere Park Found. v. Broussard,* 221 F.3d 804, 808 (5th Cir. 2000).[2]  Nonetheless, we explained that a technical failure to strictly comply with Rule 8(c) does not forfeit the affirmative defense of *res judicata* when it is raised before the district court "in a manner that does not result in unfair surprise." *Id.* (internal quotation marks and citation omitted).  Here, instead of filing an answer to the complaint, GHW filed the instant Rule 12(b)(6) motion to dismiss on August 16, 2016.  Bradford filed a memorandum

---

[2] *But see Larter & Sons v. Dinkler Hotels Co.,* 199 F.2d 854, 855 (5th Cir. 1952) ("With respect to a specific affirmative defense such as res judicata, the rule seems to be that if the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss[.]").

5

No. 17-30037

in opposition to the motion to dismiss on August 29. Her memorandum contained much of the same arguments opposing the application of the doctrine of *res judicata* that are contained in her appellate brief. GHW filed a reply to Bradford's opposition on September 6. On September 29, Bradford filed a motion for leave to file the declarations of her attorneys in Italy, and the district court granted the motion. On January 10, 2017, the district court granted GHW's motion to dismiss. Under these circumstances, because the affirmative defense was raised "at a pragmatically sufficient time, and [Bradford] was not prejudiced in [her] ability to respond," the defense of res judicata was not forfeited for any failure to strictly comply with Rule 8(c). *Id.* (internal quotation marks and citation omitted).

### B. Elements of *Res Judicata*

Bradford contends that the district court erred in ruling that the instant lawsuit was barred by the doctrine of *res judicata.* "The res judicata effect of a prior judgment is a question of law that this court reviews de novo." *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

"When a federal court sitting in diversity is considering the collateral estoppel effect of a prior federal judgment, this Circuit applies federal common law." *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 353 (5th Cir. 2009) (internal quotation marks and citation omitted). The four elements of *res judicata* are: (1) identical parties; (2) the judgment in the prior suit was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits in the prior suit; and (4) the same claim or cause of action was involved in both suits. *Test Masters,* 428 F.3d at 571.

Here, Bradford's brief only challenges the fourth element. This Court uses a "transactional test to determine whether two claims involve the same cause of action, under which the critical question is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same

nucleus of operative facts." *N.Y. Life Ins. Co. v. Gillispie,* 203 F.3d 384, 387 (5th Cir. 2000) (internal quotation marks and citation omitted). Bradford has argued that *res judicata* is not applicable because the cause of action in the prior litigation was legal malpractice, which differs from the fraud and perjury claims alleged in the instant lawsuit. However, as set forth above, the question is not whether the same theory is asserted in the two actions. Instead, we must determine whether Bradford bases the two actions on the same nucleus of operative facts.

In the prior federal lawsuit, Bradford filed a motion for leave to file a second amended complaint, raising allegations of, among other things, fraud, perjury, and concealing documents. The district court found that these allegations were not separate from the claims in her original and amended complaints. The court ruled that these allegations simply clarified the factual allegations with respect to her malpractice claim. Thus, the court viewed the proposed second amended complaint to be a more definite statement of how GHW committed malpractice as opposed to new claims for relief. We agree with the district court's conclusion that those "allegations center around the documents that the GHW Defendants produced in response to Bradford's discovery requests, and do not fundamentally alter the nature of the action already filed against [GHW]."

The allegations contained in the proposed second amended complaint in the prior suit are essentially the same as the allegations raised in the complaint in the underlying lawsuit. Thus, we are convinced that Bradford based the two lawsuits on the same nucleus of operative facts. Bradford has not shown that the district court erred in holding that the four elements of the *res judicata* test were satisfied.

Nonetheless, throughout her brief, Bradford complains that the evidence attached to her Rule 60(b) motion was never adjudicated on the merits. *E.g.,*

No. 17-30037

Blue brief at p.7.  It appears that Bradford is arguing that her claims of fraud and perjury were not fully litigated because the district court denied her leave to amend the complaint by adding those claims.  However, this Court has previously affirmed the district court's denial of her Rule 60(b) motion, and Bradford did not appeal the underlying judgment.  Moreover, "it is black-letter law that *res judicata . . .* bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication." *Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556, 560 (5th Cir. 1983) (emphasis in original).   Because the claims all rise out of the same nucleus of operative facts, any claims that Bradford alleges were not "fully litigated" could have been properly raised in the first cause of action.  Accordingly, the district court did not err in ruling that the instant claims were barred by *res judicata.*

IV.    CONCLUSION

For the above reasons, the district court's judgment is AFFIRMED.