# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10731
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2018

Lyle W. Cayce
Clerk

LEROY R. CARRINGTON; THE CARRINGTON LIVING TRUST,

Plaintiffs–Appellants,

v.

ANTHONY MAYE; HCE OPERATING, L.L.C.,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:16-CV-283

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Appellants Leroy Carrington and the Carrington Living Trust (collectively, Carrington) sued Anthony Maye and HCE Operating, L.L.C. (collectively, Maye) for fraudulent transfers of property. The district court dismissed Carrington's claims as barred by res judicata. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10731

## I

In 2008, Carrington invested approximately $720,000 in oil well improvement and reperforation projects run by Maye. After allegedly receiving only $3,000 in returns, Carrington sued Maye in 2012, claiming that Maye had assigned Carrington's interests in the oil wells to other investors, failed to use the money invested to improve the wells, and failed to make promised royalty payments. Two years later, the parties settled. The district court entered a Consent Judgment, which provided that Maye would pay Carrington $4 million in damages and assign all of the assets listed in an attached schedule. Maye agreed to disclose all assets necessary to effectuate the transfer of the scheduled assets to Carrington. Carrington reserved the right to sue potential transferees of the assets.

In this case, Carrington alleges that Maye fraudulently transferred various oil leases and other assets between 2011 and 2013 in violation of the Texas Uniform Fraudulent Transfer Act. Carrington claims that although Maye represented that he owned the assets mentioned in the Consent Judgment, some of those assets had already been transferred to third parties. The district court granted Maye's motion to dismiss, holding that Carrington's claims in the instant case were based on the same nucleus of operative facts as the first case between the parties.

## II

We review the district court's dismissal of Carrington's claim de novo.[1] Because the pleadings and public records[2] reveal that Carrington's fraudulent transfer claims are barred by res judicata, we affirm.

---

[1] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

[2] *See id.* at 1017-18 (holding that a district court may take juridical notice of the contents of public records when deciding a motion to dismiss a securities fraud claim).

No. 17-10731

Res judicata bars claims brought after a judgment in a prior lawsuit when "(1) the prior suit involved identical parties; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior judgment was a final judgment on the merits; and (4) the same claim or cause of action was involved in both cases."[3]  Here, Carrington argues only that the parties and the claims in this lawsuit are different from those in the first lawsuit.

## A

Carrington erroneously contends that the parties in this suit are not identical to those in the first suit.  Carrington concedes that the plaintiffs and defendants in this case were also involved in the previous case, but argues that the parties are not identical because the complaint in the instant case names additional defendants.  This argument fails.  Res judicata would be a feeble doctrine if plaintiffs could evade its reach by adding or subtracting defendants. For res judicata to bar Carrington's claims against Maye, it is sufficient that both Carrington and Maye were involved in the previous case.

## B

With respect to identity of claims, Carrington argues that the fraudulent transfer claims in the complaint underlying this appeal are different from the claims in the first case.  Res judicata "bars the subsequent litigation of claims that have been litigated or should have been raised in an earlier suit."[4]  Claims "based on the 'same nucleus of operative facts'" as the claims in a previous case fall within this category.[5]  Under this "transactional test," we evaluate whether the facts in the two cases "are related in time, space, origin, or motivation," "form a convenient trial unit," and should be considered as a unit in light of

---

[3] *Retractable Techs., Inc. v. Becton Dickinson & Co.*, 842 F.3d 883, 898 (5th Cir. 2016) (citing *In re Ark–La–Tex Timber Co., Inc.*, 482 F.3d 319, 330 (5th Cir. 2007)).

[4] *In re Ark-La-Tex Timber*, 482 F.3d at 330.

[5] *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (quoting *New York Life Ins. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000)).

the parties' "expectations or business understanding or usage."[6]  Differences in legal theories or in "shadings of the facts" are irrelevant to the res judicata inquiry.[7]

The crux of Carrington's argument is that the first lawsuit was about whether Maye defrauded Carrington, while this lawsuit is about whether Maye fraudulently transferred assets—some of which Carrington had invested in—to third parties to avoid paying an anticipated judgment debt to Carrington.  This distinction, however, is merely a new shading of the facts underlying the first case.  Carrington's complaint in the first suit alleges at least four times that Maye made unauthorized transfers of Carrington's property to third parties.  Moreover, all of the allegedly fraudulent transfers identified in Carrington's complaint in this case occurred before the Consent Judgement was entered in December 2014; some of them were matters of public record at the time or were documented in materials produced in the first case.  In the first case, Carrington also sought a preliminary injunction prohibiting Maye from transferring property, and the Consent Judgment expressly allows Carrington to sue third party transferees of assets from Maye.  All of this shows that Carrington was aware of possible fraudulent transfers at the time the district court entered the Consent Judgment.  The asset transfers alleged in this case involve all of the mineral leases in the first case and occurred during largely the same time period.  Because the cases share the same factual predicate, the district court correctly held that Carrington's claims are barred by res judicata.

---

[6] *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 402 (5th Cir. 2009) (quoting *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004)).

[7] *In re Paige*, 610 F.3d 865, 873 (5th Cir. 2010).

No. 17-10731

### III

Carrington also argues that Maye should be judicially estopped from asserting res judicata because Maye misrepresented his asset holdings in the Consent Judgment. Carrington alleges that he was unable to confirm whether the assets had been transferred when the Consent Judgment was entered and should therefore be able to bring this suit to facilitate recovery. This argument only provides further evidence that Carrington is attempting to litigate facts that should have been addressed in the previous case.

\*      \*      \*

For the foregoing reasons, we AFFIRM the judgment of the district court.