986 F.2d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Willie STEVENSON, Plaintiff-Appellant,
v.
Brad BALES and Gerald Houghland, Defendant-Appellee.
 No. 92-3289.
 United States Court of Appeals, Tenth Circuit.
 Jan. 27, 1993.
 
 Before TACHA, BALDOCK and PAUL KELLY, JR., Circuit Judges.**
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff appeals the district court's dismissal of his 42 U.S.C. § 1983 claim. In the court below, Plaintiff alleged that his probation officer and a state district court judge violated his constitutional rights. The district court dismissed Plaintiff's action as frivolous under 28 U.S.C. § 1915(d). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 2
 Plaintiff alleges that he was arrested on July 9, 1992, in Kansas City, Kansas for violating his parole by failing to report to his probation officer. He further alleges that he did not report to his probation officer because the officer had informed him by telephone that if Plaintiff did report, he would be arrested for escaping from a Jackson County, Missouri jail. Plaintiff does not deny that he escaped from a Jackson County jail; however, he alleges that his probation officer's "threat" to have him arrested amounted to entrapment and violated his right to due process. Plaintiff also alleges that his due process rights were violated because he was not served with copies of the charges against him when he was arrested at the Kansas City Police Station, and because the Johnson County district court judge failed to respond to several motions he filed with the court.[1]
 
 
 3
 Frivolous or malicious claims are properly dismissed under § 1915(d). Hall v. Bellmon, 935 F.2d 1106, 1108 (10th Cir.1991). A complaint is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). To state a valid claim under § 1983, a plaintiff must allege the deprivation of a constitutional right. Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir.1992).
 
 
 4
 Plaintiff's claim concerning his probation officer's actions fails to allege the deprivation of a right to due process. First, entrapment is not a constitutional violation. Second, the probation officer's actions do not "shock the conscience" and therefore fail to meet the standard for substantive due process claims. See Frohmader v. Wayne, 958 F.2d 1024, 1027 (10th Cir.1992). Likewise, Plaintiff's claim that he was not served with copies of the charges against him when he was arrested fails to allege the deprivation of a constitutional right. See Morrissey v. Brewer, 408 U.S. 471, 486-89 (1972) (Due process, in the context of parole revocation, does not require written notice of charged parole violation at time of arrest). Finally, Plaintiff does not have a constitutional right to a hearing on every motion he filed in state district court.
 
 
 5
 In the absence of "a rational argument on the law or the facts," petitioner's request to proceed in forma pauperis is DENIED, and the appeal is DISMISSED. See Coppedge v. United States, 369 U.S. 438, 448 (1962); 28 U.S.C. § 1915(d).
 
 
 6
 SO ORDERED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We will not consider the numerous other issues Plaintiff has raised for the first time on appeal. See Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir.1991)