United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 29, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-60711
(Summary Calendar)

DAVID BRIAN STOKES,

Plaintiff-Appellant,

versus

PERRY GANN,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
(3:04-CV-904)

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:

The issue before this court is whether the district court properly dismissed claims against

Perry Gann in his individual capacity based on qualified immunity. Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On November 5, 2004, David Stokes filed suit against the Mississippi Department of Wildlife,

Fisheries, and Parks and two of its employees, Robert A. Wilder and Perry Gann, pursuant to 42

U.S.C. § 1983, for alleged violations of his constitutional rights.[1] Stokes claims that Gann, after

---

[1] Stokes' claims against the Department of Wildlife and Wilder were later dismissed.

receiving complaints that a co-worker of Stokes' had engaged in illegal deer hunting, launched an undercover sting operation. Stokes alleges that Gann repeatedly contacted him by phone and approached him at work, pressuring him to go hunting for deer at night using a spotlight, and when Stokes agreed, Gann provided the transportation, spotlight, and weapon. Stokes was charged with headlighting deer in violation of MISSISSIPPI CODE ANNOTATED § 49-7-95, charges which were ultimately dismissed by the County Court of Lauderdale County, Mississippi.

In federal district court, Stokes alleged that Gann's conduct violated his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments. Gann filed a 12(b)(6) motion to dismiss, which the district court granted, holding that Gann had Eleventh Amendment immunity in his official capacity and qualified immunity in his individual capacity. Stokes appeals the district court's qualified immunity determination.

DISCUSSION

We review a district court's decision on a 12(b)(6) motion de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff. *Walker v. S. Cent. Bell Tel. Co.*, 904 F.2d 275, 276 (5th Cir. 1990). "Qualified" or "good faith" immunity shields government officials performing discretionary functions from liability "unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). First, the court must consider the threshold question of whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right? If the allegations do not show the violation of a constitutional right, the officer is entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the party asserting

2

the injury alleges facts establishing the violation of a constitutional right, then the court must consider whether the officer's conduct was objectively unreasonable in the light of the clearly established law at the time of the incident. *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994).

Stokes argues that Gann's behavior violated his constitutional rights because it was entrapment.[2] The Supreme Court in *United States v. Russell*, 411 U.S. 423 (1973), rejected a criminal defendant's contention that his conviction violated the Constitution because law enforcement officials entrapped him. The Court stated that "the Government's conduct here violated no independent constitutional right of the [defendant]." *Id.* at 430. Although *Russell* was a criminal case, many of our sister Circuits have extended its holding and rejected other claims in which litigants try to assert that entrapment has a constitutional dimension. *Smith v. Lang*, 114 F.3d 1192 (7th Cir. 1997) (even if a plaintiff prevailed on an entrapment defense at a criminal trial, there is no constitutional violation for § 1983 purposes); *Stobaugh v. Wood*, 107 F.3d 17 (9th Cir. 1997) (entrapment cannot serve as the basis of a federal habeas claim); *DiBlasio v. City of New York*, 102 F.3d 654 (2d Cir. 1996) (entrapment cannot be the basis for a § 1983 failure-to-train claim); *Giovanetti v. Tomasi*, 25 F.3d 1048 (6th Cir. 1994); *Stevenson v. Bales*, 986 F.2d 1429 (10th Cir. 1993) (no § 1983 claim because entrapment is not a constitutional violation); *Jones v. Bombeck*, 375 F.2d 737 (3rd Cir. 1967) (no cause of action under Civil Rights Act, which requires a constitutional violation, for entrapment). We agree that *Russell*'s edict that entrapment is not a constitutional

---

[2]The state trial court found that Gann's actions constituted entrapment and dismissed the charges against Stokes. In Mississippi, entrapment is an affirmative defense. If the defendant already possessed the criminal intent and the request or inducement merely gave the defendant the opportunity to commit what he or she was already predisposed to do, entrapment is not a defense. *See, e.g.*, *Walker v. State*, 881 So. 2d 820, 830 (Miss. 2004); *Hopson v. State*, 625 So. 2d 395, 399 (Miss. 1993).

violation extends to civil cases, and we hold that Gann's actions, in the form of pressuring and assisting Stokes in committing the crime charged, even to the extent that they constituted entrapment under state law, do not by themselves constitute a violation of a constitutional right under the Fourth and Fifth Amendments.

While entrapment alone is not a constitutional violation, the Supreme Court has acknowledged that there may be a substantive due process violation where "the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." *Russell*, 411 U.S. at 431-32; *see also Hampton v. United States*, 425 U.S. 484 (1976). The Fourteenth Amendment provides that no person shall be deprived "of life, liberty, or property, without due process of law." Deprivations of liberty caused by "the most egregious official conduct" may violate the Due Process Clause. *County of Sacramento v. Lewis*, 523 U.S. 833, 846-48 (1998). Gann's actions do not "shock the conscience." Although he was entrapped by Gann, Stokes nonetheless violated the statute, and Gann's conduct cannot be said to be "so brutal and so offensive to human dignity" that it shocks the conscience. *See Rochin v. California*, 342 U.S. 165, 172-74 (1952) (overturning conviction based on evidence obtained by involuntary stomach pumping). Accordingly, we hold that Gann's entrapment does not constitute a deprivation of liberty in violation of the Fourteenth Amendment. Gann is, therefore, entitled to qualified immunity.

## CONCLUSION

The judgment is affirmed.