# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2011

No. 10-10422

Lyle W. Cayce
Clerk

DINA T. AMANDURON,

Plaintiff-Appellant

v.

AMERICAN AIRLINES

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-00051

Before JONES, Chief Judge, BENAVIDES, Circuit Judge, and AYCOCK, District Judge.[*]

PER CURIAM:[**]

Plaintiff-Appellant, Dina T. Amanduron, proceeding pro se, brought suit against her employer, Defendant-Appellee American Airlines, Inc., alleging race and disability discrimination and retaliation. Finding that the district court committed reversible error in failing to provide the pro se plaintiff an opportunity to amend her complaint, we VACATE and REMAND.

---

[*] District Judge for the Northern District of Mississippi, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10422

## I.    PROCEDURAL HISTORY

Dina T. Amanduron, proceeding pro se, filed suit against her employer American Airlines, alleging race and disability discrimination and retaliation. Using a form complaint, Amanduron hand wrote the following: "The company retaliated on me because I have an EEO complaint.  I charged the American Airlines of discrimination because of my race, national origin and retaliation. I have been harassed at work [and] company supervisors are protecting the employees who are harassing me." "The company retaliated [against] me by regarding me as mentally disable[d] restricting me from coming to work." "In both cases I am suing American Airlines for a total of $25 Million."

Prior to filing suit, Amanduron had filed a charge of discrimination against American Airlines with the Texas Workforce Commission.  That charge of discrimination, along with the dismissal and "notice of rights" form issued by the Equal Employment Opportunity Commission (EEOC), were attached to the instant complaint.[1]  Amanduron alleged race and disability discrimination and retaliation.  Amanduron alleged that: "On or about the late May, 2009, I was subjected to harassment and disciplined for wearing a blue hat with the letters TX. I complained of the discriminatory treatment and requested an investigation." "On or about June 5, 2009, I was suspended for 30 days with pay. On or about July 16, 2009, Thomas Ford, Customer Service Manager, informed me to return to work with restrictions. On or about July 17, 2009, Cindy Murr, American Airlines Medical Nurse, directed me to seek psychiatric treatment. On or about July 17, 2009, I was telephoned by Merry Janes, Senior Investigator, HR Work Environment, [who] discharged me and suggested I apply for disability." Amanduron further alleged that:  "Brian Saylor and Angela Davis,

---

[1] Amanduron filed a second EEOC charge against American on December 14, 2009, simply adding "disability" as a basis for discrimination against her by American.  That addition was the only difference between the two charges.

2

No. 10-10422

American Airlines Supervisor[s,] stated I violated the Uniform Code." "Thomas Ford, Customer Service Manager, DFW Ramp Service, stated I was suspended effective immediately pending further investigation. Merry Janes, Senior Investigator, HR Work Environment stated I was discharged due to my restrictions, unless I seek psychiatrist treatment and work with American Airlines so I can get my release." Amanduron also alleged as follows: "I believe I have been discriminated against because of my race, Filipino and national origin, Asian, in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe I was retaliated because I filed an internal EEO complaint for opposing unlawful employment practices in violation of Section 704(a) in violation of Title VII of the Civil Rights Act of 1964."

On February 16, 2010, American Airlines filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Amanduron opposed the motion to dismiss. On April 19, the district court granted the motion to dismiss all Amanduron's claims against American Airlines, ruling that the "complaint amounts to nothing more than the type of unwarranted deductions, conclusory allegations, and legal conclusions couched as factual allegations that the court need not accept as true." R. at 82 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Amanduron filed a timely notice of appeal.

II.    ANALYSIS

A.    Standard of Review

This Court reviews de novo a district court's dismissal pursuant to Rule 12(b)(6), "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citation omitted). In the instant case, Amanduron was proceeding pro se when she filed her complaint. Although pro se complaints are held to less stringent standards than those crafted by attorneys, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citation and internal quotation marks omitted).

### B.    Amanduron's Complaint

Amanduron contends that the district court erred in failing to liberally construe the allegations in her pro se complaint in her favor.[2] Amanduron asks this Court to reverse the district court's dismissal and reinstate her case for further consideration.

"Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998); *accord Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). Here, the record shows that the district court did not provide Amanduron an opportunity to amend her pro se complaint prior to the district court's dismissal of it. Thus, the district court erred in failing to provide an opportunity for Amanduron to attempt to successfully state a claim in an amended complaint. "Such error may be ameliorated, however, if the plaintiff has alleged his best case, or if the dismissal was without prejudice." *Bazrowx*, 136 F.3d at 1054 (footnotes omitted). Here, however, the dismissal of the complaint was with prejudice, and thus the harm was not rectified.

---

[2]   It should be noted that Amanduron is represented by counsel on this appeal.

No. 10-10422

Additionally, although the definition of a plaintiff's "best case" has been deemed "elusive," we conclude that Amanduron's brief demonstrates that she did not allege her best case in her complaint. *Dark v. Potter*, 293 F. App'x. 254, 257 (5th Cir. 2008). The district court ruled that Amanduron's "allegation that defendant retaliated against her by regarding her as mentally disabled . . . fails to state a viable claim, as [she] has alleged nothing that could conceivably be considered protected activity as would sustain a claim of retaliation." R. at 81. In her brief, Amanduron states that the record demonstrates that she did engage in a protected activity in May of 2009, "when she complained that she had been disciplined in a discriminatory manner based upon her race and or national origin and requested that an investigation of her complaint be conducted."[3] "[A]n informal complaint may constitute protected activity for purposes of retaliation claims." *Casna v. City of Loves Park*, 574 F.3d 420, 427 (5th Cir. 2009); *cf. Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 626 (5th Cir. 2008) (adopting the majority rule that "allows an informal, internal complaint to constitute protected activity" in the context of a Fair Labor Standards Act case). As such, the allegations in Amanduron's brief indicate that she had engaged in a protected activity, which is required to state a claim for retaliation under Title VII. *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002). Thus, the allegations in Amanduron's complaint with respect to the claim of retaliation did not set forth her best case.

With respect to Amanduron's claim of race discrimination, the district court concluded that her allegations with respect to being disciplined for wearing a hat failed to state a claim. In her appellate brief, however, Amanduron's

---

[3]   As noted by Amanduron, "Title VII provides that '[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this title, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding under this title." Brief at 14 n.9 (quoting 42 U.S.C. § 2000e-3(a)).

counsel contends that when the complaint is viewed along with the EEOC charge, the allegations are sufficient to show that Amanduron was being disciplined for wearing the hat "when employees of a different race and/or national origin were not disciplined." This allegation in her brief shows that she was treated less favorably than similarly situated employees outside the protected class. *Okoye v. Univ. of Tex. Houston Health Sci. Ctr*., 245 F.3d 507, 512-13 (5th Cir.2001). Again, we are persuaded that Amanduron's allegations in her brief make a better case for her claim for race discrimination than her complaint.

With respect to her claim of disability discrimination, the district court did not specifically analyze it as an independent claim of discrimination.  In any event, in her appellate brief, Amanduron alleges that her employer "directed [her] to seek psychiatric treatment and [she] was discharged with the suggestion that she apply for disability.  These allegations show that [her employer] regarded Amanduron as mentally disabled . . . ." We agree that the allegations in her brief indicate that her employer regarded her as disabled, which provides support for her claim that her employer discriminated against her based on a perceived disability. *Bridges v. City of Bossier,* 92 F.3d 329, 332 (5th Cir. 1996). Once again, we conclude that Amanduron's brief demonstrates that the allegations in her complaint did not present her best case.  Accordingly, we are persuaded that the error in failing to allow Amanduron an opportunity to amend was not harmless.

In conclusion, we VACATE and REMAND the order dismissing the complaint to allow Amanduron, who is now represented by counsel, an opportunity to amend her complaint.

6