# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20257
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2014

Lyle W. Cayce
Clerk

BENEDICT EMESOWUM,

Plaintiff-Appellant

v.

HOUSTON POLICE DEPARTMENT,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-223

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Benedict Emesowum, proceeding *pro se*, filed suit against the City of Houston Police Department, alleging that his constitutional rights had been violated. The district court dismissed the suit for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Emesowum contends that the City of Houston and its police officers violated his constitutional rights. His allegations all arise from his on-again-off-again relationship with his former girlfriend, Christmas Eve Morgan. The central theme of his complaints is that when he has a dispute with Morgan, the police do not take heed of his complaints. When the police are called to a dispute between him and Morgan, the police make him leave his apartment, thereby affording Morgan the opportunity to vandalize and steal his personal property. He claims that this police inaction constitutes aiding and abetting Morgan's vandalism and theft at his apartment.

The district court dismissed the case for failure to state a claim pursuant to Rule 12(b)(6). We review de novo a district court's grant of a Rule 12(b)(6) motion to dismiss, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff," *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007). Dismissal is appropriate when the plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face" and has failed to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007).

We affirm for the following reasons. With respect to the City of Houston, Emesowum claims that the City's program called "Houston Men Against Family Violence" is a custom or policy that violates his rights under the Fourth Amendment, and the Equal Protection Clause of the Fourteenth Amendment. In order for a municipality to be liable, he must demonstrate proof of three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). Even after affording a

liberal construction of his complaint and amended complaint,[1] Emesowum has not asserted facts to raise a proper legal claim that could afford him relief against the City of Houston.

As for the named and unknown police officers, Emesowum likewise fails to state sufficient facts that would allow recovery for his alleged constitutional violations that in reality stem from his discord and disagreement with Morgan. In any event, his alleged claims would not survive the qualified immunity defense raised by the police officers. There is a two-step inquiry for deciding qualified immunity claims: (1) a court must decide whether the facts alleged or shown are sufficient to make out a violation of a constitutional right; and (2) the court must decide whether the right at issue was "clearly established" at the time of the defendants' alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Accordingly, because Emesowum did not allege facts sufficient to show a constitutional violation, the police officers are entitled to qualified immunity.[2]

The district court's judgment is AFFIRMED.

---

[1] *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

[2] Emesowum also claims the police violated his Fourth Amendment rights when they arrested him. However, this arrest was made pursuant to a warrant, and Emesowum does not allege facts that state a claim for a Fourth Amendment violation.