# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-51119
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 22, 2014

Lyle W. Cayce
Clerk

ROBERT EMRICH,

Plaintiff – Appellant

v.

JP MORGAN CHASE BANK, N.A.; NDEX TITLE SERVICES, L.L.C., ("NDEX"); WENDY ALEXANDER,

Defendants – Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CV-618

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Robert Emrich ("Emrich") filed this suit against Defendants-Appellees JP Morgan Chase Bank, N.A. ("JP Morgan"), NDEX Title Services, L.L.C. ("NDEX"), and Wendy Alexander ("Alexander") challenging the foreclosure on his property. Emrich appeals the district court's grant of summary judgment for JP Morgan and dismissal of his claims against

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-51119

NDEX and Alexander.  For the reasons set forth below, we AFFIRM the district court's judgment.

## I.     Background

In 2006, Emrich purchased property located at 220 Brighton Lane, Austin, Texas.  Emrich executed a Note and Deed of Trust in favor of JP Morgan in connection with the purchase of the property.  In 2009, Emrich refinanced the mortgage, executing a new Note and Deed of Trust in favor of JP Morgan.  Emrich eventually defaulted on the mortgage, and JP Morgan foreclosed on the property in 2013.

Following foreclosure, Emrich filed this suit against JP Morgan, NDEX, and Alexander under Tex. Civ. Prac. & Rem. Code § 12.002(a).  In his amended complaint, Emrich alleges that the foreclosure on his property is void on two grounds: (1) JP Morgan lacked authority to foreclose because JP Morgan was not the holder of the Note at the time of the foreclosure sale, and (2) Alexander signed the Notice of Trustee Sale on behalf of JP Morgan prior to her formal appointment as substitute trustee.

JP Morgan filed a motion for summary judgment under Federal Rule of Civil Procedure 56.  Emrich did not file a response to the summary judgment motion.  NDEX then filed a motion to dismiss under Rule 12(b)(6), which Emrich opposed.  The district court granted JP Morgan's motion for summary judgment and dismissed the claims against NDEX and Alexander.  Emrich timely appealed.

## II.     Standard of Review

"We review a district court's grant of summary judgment de novo." *James v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 65, 68 (5th Cir. 2014). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "When a defendant moves for

summary judgment and identifies a lack of evidence to support the plaintiff's claim on an issue for which the plaintiff would bear the burden of proof at trial, then the defendant is entitled to summary judgment unless the plaintiff is able to produce 'summary judgment evidence sufficient to sustain a finding in plaintiff's favor on that issue.'" *James*, 743 F.3d at 68 (citation omitted).

We review a district court's grant of a Rule 12(b)(6) motion to dismiss de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007). To avoid dismissal, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III.    Discussion

### *a. Grant of Summary Judgment for JP Morgan*

On appeal, Emrich raises four challenges to the district court's grant of summary judgment. First, Emrich contends that summary judgment was improper because JP Morgan violated various provisions in the Deed of Trust relating to the Notice of Acceleration. Emrich waived these arguments by failing to allege them in his complaint or otherwise raise them in the district court. *See AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 700-01 (5th Cir. 2009); *Vogel v. Veneman*, 276 F.3d 729, 733 (5th Cir. 2002). We decline to consider these substantive arguments for the first time on appeal.

Second, Emrich raises a challenge to JP Morgan's summary judgment evidence, arguing that JP Morgan's document entitled "Statement of Facts" "does not qualify as an affidavit under Texas law, and would therefore be excludable at trial." Emrich's argument is unavailing as the record reflects that the district court did not rely on this document in granting summary judgment. Moreover, Emrich waived this argument by failing to raise it in the district court. *See Vogel*, 276 F.3d at 733.

No. 13-51119

Third, Emrich contends that the district court abused its discretion in granting summary judgment without adequate time for discovery. "Rule 56 does not require that any discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion, Rule [56(d)] is his remedy." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). Pursuant to Rule 56(d), a party opposing summary judgment may request a continuance for further discovery. To obtain a Rule 56(d) continuance, the party must "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Because Emrich did not request a continuance under Rule 56(d) in the district court, Emrich waived the issue of inadequate discovery. *See Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 719 (5th Cir. 1999); *Potter v. Delta Air Lines, Inc.*, 98 F.3d 881, 887 (5th Cir. 1996) ("If [plaintiff] needed more discovery in order to defeat summary judgment, it was up to her to move for a continuance pursuant to [Rule 56(d)]. Because she did not, she is foreclosed from arguing that she did not have adequate time for discovery.").

Finally, Emrich contends that the district court erred in granting summary judgment on his claim regarding JP Morgan's authority to foreclose. In his amended complaint, Emrich alleges that JP Morgan lacked authority to foreclose because JP Morgan assigned the Note to Fannie Mae prior to foreclosure. In moving for summary judgment, JP Morgan provided evidence that it was the holder of the Note at the time of foreclosure, including a copy of the original Note and an affidavit by a representative of JP Morgan. Emrich failed to come forward with any evidence to rebut JP Morgan's evidence or otherwise support his claim. In particular, Emrich did not present evidence that JP Morgan assigned the Note to Fannie Mae. Nor did Emrich present evidence that JP Morgan was not the holder of the Note at the time of

foreclosure. Accordingly, the district court did not err in granting summary judgment on this claim.

### *b. Dismissal of Claims Against NDEX and Alexander*

On appeal, Emrich does not address the district court's dismissal of his claims against NDEX or Alexander. As a result, Emrich has abandoned any challenge to the dismissal of these claims. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim."); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

### IV.  Conclusion

For the foregoing reasons, we AFFIRM the district court's judgment.