# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60066
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2016

Lyle W. Cayce
Clerk

SEAHORN INVESTMENTS, L.L.C.,

  Plaintiff - Appellant

v.

GOODMAN MANUFACTURING COMPANY, L.P.; GOODMAN GLOBAL,
INCORPORATED,

  Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:15-CV-311

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

  Plaintiff–Appellant Seahorn Investments, L.L.C., (Seahorn) purchased
129 Goodman heating, ventilation, and air conditioning (HVAC) units and
installed those units at an apartment complex owned by Seahorn. The HVAC
units were covered by a Limited Warranty, providing that "Goodman will
furnish a replacement part, without charge for the part only," if any part was

---

  * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-60066

defective. The warranty period only covered a specified time period beginning on the date of installation or, if that date could not be verified, beginning three months after the date of manufacture. Although Seahorn does not specify the dates on which the HVAC units were manufactured, purchased, or installed, Seahorn pleaded that the HVAC units began to fail months or years after installation because the units' evaporator coils were defectively designed or manufactured.

Seahorn filed suit in Mississippi state court, asserting claims that Goodman, *inter alia*, breached the express warranty and implied warranty of merchantability when it sold the allegedly defective HVAC units. Goodman removed the suit to federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332, and moved to dismiss the complaint for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion. As to the breach of express warranty claim, the district court found that Seahorn failed to state a claim because the complaint did not plead sufficient facts to show that Goodman failed to replace defective HVAC parts as required under the warranty or that the defects occurred within the warranty period. As to the implied warranty of merchantability claim, the district court found that Seahorn did not plead sufficient facts showing that the HVAC units were unmerchantable at the time of sale or that Seahorn provided Goodman with notice or an opportunity to cure.[1] The district court therefore dismissed the suit, and Seahorn timely appealed.

This court reviews *de novo* a district court's grant of a motion to dismiss for failure to state a claim, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *True v. Robles*, 571 F.3d

---

[1] The district court also dismissed several claims conceded by Seahorn.

412, 417 (5th Cir. 2009) (quoting *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2] A claim is facially plausible if the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Dismissal is appropriate when the plaintiff has not alleged enough facts to state a claim to relief that is plausible on its face or has failed to raise his right to relief above the speculative level." *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012). With state law claims, as in the instant case, "[a] federal court sitting in diversity applies the substantive law of the forum state." *Learmonth v. Sears, Roebuck & Co.*, 710 F.3d 249, 258 (5th Cir. 2013).

On appeal, Seahorn argues that the district court erred in dismissing its claims for breach of an express warranty and the implied warranty of merchantability.[3] As to the breach of an express warranty, Seahorn argues that Goodman breached the Limited Warranty because of defective parts in the purchased HVAC units. An express warranty is created by "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." Miss. Code Ann. § 75-2-313. Accepting Seahorn's factual allegations that the HVAC units contained defective parts as true, Seahorn has still failed to state a

---

[2] While Seahorn contends that the more permissive pre-*Twombly* pleading standard should apply to this case, the plausibility standard expounded in *Twombly* and *Iqbal* applies to all civil actions. *Iqbal*, 556 U.S. at 684.

[3] Seahorn has abandoned any other issues on appeal by failing to adequately brief those issues in its initial brief. *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, L.L.C.*, 637 F.3d 604, 610 (5th Cir. 2011).

plausible claim. A warrantor breaches an express warranty when it fails to fulfill its obligations under the warranty. *Massey-Ferguson, Inc. v. Evans*, 406 So. 2d 15, 19 (Miss. 1981). Here, the express warranty obligated Goodman to provide a replacement part for any defective part in a particular HVAC unit covered by the warranty. While Seahorn alleges that the HVAC units had defective parts, nowhere in its complaint does Seahorn allege that Goodman refused or failed to replace parts covered by the Limited Warranty. *See* 31 Richard A. Lord, *Williston on Contracts* § 79:22 (4th ed. 2004) ("[W]here there is an agreement to repair or to replace goods, that agreement is not breached until there has been a refusal or failure to repair."). Moreover, the district court correctly noted that Seahorn's complaint did not allege when the HVAC units were installed or manufactured. Therefore, whether the limited warranty period covers any of the alleged defects cannot be determined "above [a] speculative level." *Bass*, 669 F.3d at 506. Seahorn has therefore failed to state an express warranty claim "that is plausible on its face." *Twombly*, 550 U.S. at 570.

Seahorn also failed to state a claim for breach of the implied warranty of merchantability. A plaintiff must plead sufficient facts on five elements for this claim:

> (1) That a "merchant" sold "goods," and he was a merchant with respect to "goods of the kind" involved in the transaction, (2) which were not merchantable at the time of the sale, and (3) injuries and damages to the plaintiff or his property, (4) caused proximately and in fact by the defective nature of the goods, and (5) notice to the seller of the injury.

*Watson Quality Ford, Inc. v. Casanova*, 999 So. 2d 830, 834 (Miss. 2008) (quoting *Vince v. Broome*, 443 So. 2d 23, 26 (Miss. 1983)). In particular, a plaintiff must provide notice to the seller because, although "there may have been a breach of warranty of merchantability, the seller has a right to attempt

cure." *Fitzner Pontiac-Buick-Cadillac, Inc. v. Smith*, 523 So. 2d 324, 328 (Miss. 1988). Here, Seahorn failed to plead any fact showing that it had notified Goodman of the defective parts in the HVAC units or that Goodman had an opportunity to cure those defects. *See Watson Quality Ford*, 999 So. 2d at 834–35 ("An opportunity for the seller to cure is a 'reasonable requisite' of a buyer's 'right of recovery.'").[4] Seahorn has failed to plead sufficient facts as to one of the elements of an implied warranty of merchantability claim and therefore has failed to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678.

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[4] Seahorn's complaint mentions informing a different entity—Mayo's Air Conditioning/Heating—of the alleged defects, but Seahorn has not advanced any authority that such action would be sufficient to provide notice to Goodman under Mississippi law. *See Mercury Marine v. Clear River Const. Co.*, 839 So. 2d 508, 514 (Miss. 2003) (noting that a manufacturer "was entitled to cure" defects as a prerequisite to recovery).