# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

16-30139
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

August 15, 2016

Lyle W. Cayce
Clerk

BOBBY D. WHITLOCK,

Plaintiff - Appellant

v.

LAZER SPOT, INCORPORATED,

Defendant - Appellee

—————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:15-CV-1814

—————

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Bobby D. Whitlock ("Whitlock") appeals the district court's dismissal of his complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30139

## I.    BACKGROUND

Whitlock was a truck driver employed by Lazer Spot, Inc. ("Lazer Spot"), in Monroe, Louisiana from November 2012 until October 4, 2013.  Lazer Spot terminated Whitlock's employment, stating that he had driven away from a loading dock while the light was red.  Whitlock, who is African American, filed a complaint with the Equal Employment Opportunity Commission, which issued a right-to-sue letter on March 10, 2015.

On June 8, 2015, Whitlock, represented by counsel, filed a complaint in district court, alleging claims of racial discrimination and hostile work environment under Title VII of the Civil Rights Act.  *See* 42 U.S. § 2000e *et seq.*  Lazer Spot filed a motion to dismiss under Rule 12(b)(6), arguing that Whitlock's conclusory allegations failed to state a claim.  The magistrate judge issued a report and recommendation to grant the motion to dismiss.  The district court accepted the recommendation and granted the motion to dismiss, opining that Whitlock's factual allegations failed to state a claim as a matter of law either for discriminatory discharge or a hostile work environment.  Whitlock now appeals.

## II.    STANDARD OF REVIEW

We review de novo a district court's grant or denial of a Rule 12(b)(6) motion, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citation omitted).  A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

### III.   DISMISSAL FOR FAILURE TO STATE A CLAIM

Whitlock contends that the district court erred in granting the motion to dismiss his complaint for failure to state a claim.  Rule 12(b)(6).  In his complaint, Whitlock alleged a claim of racial discrimination.  Our precedent is clear that Whitlock "need not make out a prima facie case of discrimination in order to survive a rule 12(b)(6) motion to dismiss for failure to state a claim." *Raj v. La. State Univ.,* 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510-12 (2002)).  The ultimate question in a Title VII discrimination case is "'whether a defendant took the adverse employment action against a plaintiff *because of* her protected status.'"  *Id.* (quoting *Kanida v. Gulf Coast Med. Personnel LP,* 363 F.3d 568, 576 (5th Cir. 2004)).  Accordingly, we must determine whether Whitlock's complaint sufficiently alleged that Lazer Spot terminated him because he is African American.

Whitlock's complaint alleged that Lazer Spot terminated his employment because he "pulled away from a loading dock while the light was red."  Whitlock also alleged that the purported reason for termination was "untrue and just a cover-up for the racial discrimination.  White employees who commit infractions more serious than the one [Whitlock] is accused [of] committing are not terminated."  Further, Whitlock's complaint alleged that he "was punished for infractions that white employees were not punished for. The discrimination within the workplace create[d] a hostile work environment that was difficult for [him] to endure.  [Lazer Spot's] actions caused stress related problems.  A white employee was allowed to ride around in a pickup

truck without doing his job duties but given credit for the work done by African-American employees."

These conclusory allegations do not contain sufficient content to allow us to draw the inference that Lazer Spot is liable for terminating Whitlock's employment because of his race. The complaint fails to specify the white employees' work violations. It also fails to allege the white employees' jobs at Lazer Spot. Because the complaint does not have facial plausibility with respect to the discriminatory discharge claim, the district court did not err in granting the motion to dismiss.

The district court also ruled that Whitlock's complaint failed to state a claim for a hostile work environment. "In determining whether a workplace constitutes a hostile work environment, courts must consider the following circumstances: 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Ramsey v. Henderson,* 286 F.3d 264, 268 (5th Cir. 2002) (quoting *Walker v. Thompson,* 214 F.3d 615, 625 (5th Cir. 2000)). Further, to constitute a hostile work environment claim, the "unlawful employment practice must have occurred 'over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own.'" *Mack v. John L. Wortham & Son, L.P.,* 541 F. App'x 348, 356-57 (5th Cir. 2013) (quoting *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 115 (2002)).

Here, as set forth previously, the complaint alleged that Whitlock "was punished for infractions that white employees were not punished for. The discrimination within the workplace create[d] a hostile work environment that was difficult for [him] to endure. The defendant's actions caused stress related problems. A white employee was allowed to ride around in a pickup truck

without doing his job duties but given credit for the work done by African-American employees."

Whitlock's complaint wholly fails to allege facts that demonstrate that he was repeatedly subjected to harassment that was linked to his race. We agree with the district court that the complaint fails to state a claim with respect to a hostile work environment.

For the above reasons, the district court's judgment is AFFIRMED.