# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2020

No. 17-51108

Lyle W. Cayce
Clerk

SAMUEL A. GURROLA

Plaintiff - Appellant

v.

WALGREEN COMPANY,

Defendant - Appellee

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CV-78

_____

Before HIGGINBOTHAM, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Appellant Samuel Gurrola, owner of Palafox Pharmacy in Anthony, Texas, sued Appellee Walgreen Company ("Walgreens") for alleged violations of the Sherman and Clayton Acts, breach of contract, and civil conspiracy. According to Gurrola's pro se complaint, he accepted Walgreens' offer to purchase his pharmacy in 2014. In furtherance of the sale, Gurrola allowed "an in[formation] gathering business called Infoworks" to access Palafox's

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

computer records, including sales reports, customer lists, and doctor lists. Then, according to Gurrola, Walgreens backed out of the deal without justification and used the data it had obtained during the due-diligence process to appropriate more than 90% of Palafox's business for itself. Gurrola alleged that Walgreens' conduct in the Palafox deal was part of a wider scheme to obtain "monopolistic control[]" of the area's pharmacy market "through buyouts and forceouts."

Walgreens moved to dismiss Gurrola's complaint under Federal Rule of Civil Procedure 12(b)(6). The district court granted Walgreens' motion, finding that Gurrola had failed to allege facts sufficient to state any of his claims. The court denied as moot Gurrola's motion for a restraining order against Walgreens agents who he claimed had stalked him.[1] Gurrola now appeals both the dismissal of his claims and the denial of his motion for a restraining order. We address each of Gurrola's arguments in turn, reviewing the district court's dismissal for failure to state a claim *de novo*[2] and its denial of injunctive relief for abuse of discretion.[3]

First, Gurrola contends that the district court erred in finding that he failed to state a Clayton Act claim. Gurrola's complaint alleged a violation of Section 3 of the Clayton Act, which prohibits restrictive agreements, including exclusive-dealing arrangements, that "may . . . substantially lessen competition or tend to create a monopoly in any line of commerce."[4] The district court found that Gurrola had failed to allege facts to support a Section 3 claim, and Gurrola does not appear to challenge that determination on appeal.[5]

---

[1] The district court also denied Gurrola's motion for leave to amend his complaint to include allegations of racially motivated harassment dating from 1989. Gurrola does not challenge the denial of leave to amend.

[2] *See Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam).

[3] *See Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009)

[4] 15 U.S.C. § 14.

[5] *See Apani Sw., Inc. v. Coca-Cola Enters., Inc.*, 300 F.3d 620, 625 (5th Cir. 2002) (internal quotation marks omitted) (quoting *Tampa Elec. Co. v. Nashville Coal Co.*, 365 U.S.

Instead, he contends that the district court should have found that he stated a claim under Section 7 of the Clayton Act, which bars anticompetitive mergers and acquisitions.[6] However, Gurrola's complaint alleged only a Section 3 violation. Any claims under other sections of the Act were not raised before the district court and are therefore waived.[7]

Next, Gurrola contends that the district court erred in finding that he failed to state a Sherman Act monopolization claim. To state a claim for monopolization under Section 2 of the Sherman Act, a plaintiff must show "that the asserted violator 1) possesses monopoly power in the relevant market and 2) acquired or maintained that power willfully, as distinguished from the power having arisen and continued by growth produced by the development of a superior product, business acumen, or historic accident."[8] As we have repeatedly observed, simply "[h]aving or acquiring a monopoly is not in and of itself illegal."[9] Rather, "[t]he illegal abuse of power occurs when the monopolist exercises its power to control prices or exclude competitors from the relevant market for its products."[10]

The district court correctly found that Gurrola did not plead sufficient facts to state a monopolization claim. Gurrola alleged that Walgreens had acquired a 99.99% "market share"; however, at no point did he define the

---

320, 328 (1961)) (To state a Section 3 claim, a plaintiff must (1) identify the relevant product market; (2) identify the relevant geographic market; and (3) "show that the competition foreclosed by the arrangement constitutes a substantial share of the relevant market."). To the extent Gurrola might intend to challenge the district court's Section 3 analysis, that challenge fails. His complaint asserts that Walgreens engaged in exclusive dealing, but it does not identify with whom Walgreens agreed to deal, nor the goods in which it was dealing, nor how the arrangement constrained or might constrain competition.

[6] *See* 15 U.S.C. § 18.

[7] *See Celanese Corp. v. Martin K. Eby Constr. Co.*, 620 F.3d 529, 531 (5th Cir. 2010) ("[A]rguments not raised before the district court are waived and will not be considered on appeal.").

[8] *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 522 (5th Cir. 1999).

[9] *Abraham & Veneklasen Joint Venture v. Am. Quarter Horse Ass'n*, 776 F.3d 321, 334 (5th Cir. 2015).

[10] *Id.*

relevant market or allege facts from which it would be plausible to infer that Walgreens engaged in anticompetitive conduct. The complaint states only that Walgreens expanded via "buyouts" and "forceouts," and that Walgreens considered buying Gurrola's pharmacy. These conclusory allegations are insufficient to show that Walgreens willfully acquired its market power or used that market power for anticompetitive purposes.

Third, Gurrola argues that the district court erred in dismissing his breach-of-contract claim. Gurrola's complaint alleged that he made an oral contract with Walgreens in which the latter would pay $1.5 million over multiple years to acquire his pharmacy. In Gurrola's view, Walgreens breached this contract when it backed out of the sale. However, any unwritten contract that is "not to be performed within one year from the date of making the agreement" is unenforceable under Texas's statute of frauds.[11] Thus, the alleged multi-year oral contract was unenforceable, and the district court's dismissal of Gurrola's breach-of-contract claim was proper.[12]

Finally, Gurrola claims that he was entitled to a protective order against Walgreens' alleged harassment and stalking. However, the district court's jurisdiction over Gurrola's motion for a restraining order ended when it dismissed the entire case in which the motion was filed. It was therefore proper for the court to deny the motion as moot.

For these reasons, we affirm the judgment of the district court. We also deny Gurrola's "Motion to Reverse District Court's Ruling," which is duplicative of his appeal.

---

[11] TEX. BUS. & COM. CODE § 26.01(b)(6).

[12] On appeal, Gurrola makes a new allegation that Walgreens fraudulently misrepresented the identity of its purported agent. This argument is waived because it was not raised below and, in any case, Gurrola fails to allege the elements of a fraud claim. *See Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010).