# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10199

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2020

Lyle W. Cayce
Clerk

SCOTT DAVID HAMMER,

      Plaintiff - Appellant

v.

EQUIFAX INFORMATION SERVICES, L.L.C., EXPERIAN INFORMATION SOLUTIONS, INCORPORATED,

      Defendants - Appellees

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-1502

---

Before HIGGINBOTHAM, JONES, and DUNCAN, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Scott Hammer filed suit under the Fair Credit Reporting Act against two consumer reporting agencies—Equifax Information Services and Experian Information Solutions—after they deleted a favorable credit item from his credit report and refused to restore it. The district court dismissed Hammer's claims. We affirm.

No. 19-10199

**I**

In 2010, Scott Hammer obtained a credit card from Capital One Bank.[1] Every month thereafter, he made timely payments on his credit card. The three largest consumer reporting agencies ("CRAs") in the United States—Equifax, Experian, and TransUnion—reported his Capital One account until 2017. After learning that the CRAs stopped reporting the account, he requested that each CRA restore it. TransUnion complied with his request, but Equifax and Experian refused.

Capital One told Hammer that it was reporting the status of his credit account to each CRA. Hammer again disputed his report with Equifax and Experian, this time sending them proof of his Capital One account and payment history. They again refused to add his account to their credit reports. After Hammer disputed the credit reports for a third time, Experian and eventually Equifax added the Capital One account to his credit report. Within a week, however, Equifax removed the account again.

Hammer's credit score fell as a result of losing a positive trade line from his report. He was then denied a credit card, rejected for one mortgage, and offered a high interest rate on another. Hammer sued Experian and Equifax for negligent and willful violations of the Fair Credit Reporting Act ("FCRA"). The district court granted the Defendants' motions to dismiss and entered final judgment resolving Hammer's claims. Hammer now appeals.

---

[1] Because factual allegations pleaded in a complaint are accepted as true for purposes of reviewing a district court's decision granting a motion to dismiss, we assume the truth of the factual allegations in the Second Amended Complaint.

No. 19-10199

## II

We review *de novo* a district court's grant of a Rule 12(b)(6) motion to dismiss.[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3] Although "a court must accept as true all of the allegations contained in a complaint," that tenet "is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."[4]

## III

Concerned by "abuses in the credit reporting industry,"[5] Congress enacted the FCRA to ensure fair and accurate credit reporting that protects consumers while meeting the needs of commerce.[6] To that end, the Act imposes several obligations on CRAs and authorizes consumers to bring a private cause of action in response to negligent or willful violations.[7] Where possible, courts construe these obligations consistently with the Act's "ambitious objective . . . which uses expansive terms to describe the adverse effects of unfair and inaccurate credit reporting and the responsibilities of consumer reporting

---

[2] *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (quoting *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007)) (internal quotation marks omitted).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[4] *Id.* (citing *Twombly*, 550 U.S. at 555).

[5] *St. Paul Guardian Ins. Co. v. Johnson*, 884 F.2d 881, 883 (5th Cir. 1989).

[6] 15 U.S.C. § 1681(b) ("It is the purpose of this [Act] to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this [Act].").

[7] *Id.* § 1681o(a) (negligent violations); *id.* § 1681n(a) (willful violations).

3

No. 19-10199

agencies."[8] In this appeal, Hammer argues that the CRAs violated three of these statutory obligations. Equifax, Hammer urges, failed to follow reasonable procedures to assure the maximum possible accuracy of his credit report. He also contends that both CRAs failed to investigate their omission of his Capital One account from their credit reports. And he maintains that Equifax failed to notify him when it reinserted the Capital One account into his credit report.

## A

Section 1681e(b) provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."[9] This provision does not hold a CRA strictly liable for all inaccuracies. Rather, the adequacy of a CRA's procedures is judged according to "what a reasonably prudent person would do under the circumstances."[10]

Hammer alleges that Equifax violated the FCRA because it had favorable information about his Capital One card, omitted it from his credit report, and thereby harmed his creditworthiness. In his view, a credit report is inaccurate under § 1681e(b) if a CRA (1) has verified information on the consumer, (2) omits that information from the report, and (3) that omission

---

[8] *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 62 (2007) (citing 15 U.S.C. § 1681(a)); *St. Paul Guardian*, 884 F.2d at 885 n.3 ("We also note that the conclusion we reach today is in accord with the legislative purposes behind the FCRA."); *see also Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) (internal quotation omitted) ("These consumer oriented objectives support a liberal construction of the FCRA.").

[9] 15 U.S.C. § 1681e(b). A consumer report, also known as a credit report, is a "communication of any information by a [CRA] bearing on a consumer's credit worthiness . . . which is used . . . as a factor in establishing the consumer's eligibility for [] credit . . . to be used primarily for personal, family, or household purposes." 15 U.S.C. § 1681a(d)(1).

[10] *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982).

harms the consumer's credit. Our case law does not support this reading of § 1681e(b). A credit report does not become inaccurate whenever there is an omission, but only when an omission renders the report "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions."[11] For example, in *Sepulvado v. CSC Credit Services, Inc.*, a credit report stated that an entry had been "assigned" in 1994, but failed to state that the obligation arose six years earlier.[12] The consumer argued that this omission rendered the report incomplete and thus inaccurate. We held that the "report may have been incomplete, but it was not . . . facially misleading or inaccurate when prepared" because an "assigned" obligation must have existed before the assignment.[13] The Court "decline[d], at least in [that] case, to construe § 1681e(b) in a way that would require completeness without regard to whether the disputed entry was misleading."[14]

For that reason, the omission of a single credit item does not render a report "inaccurate" or "misleading." Businesses relying on credit reports have no reason to believe that a credit report reflects all relevant information on a consumer.[15] Indeed, such a requirement would be impossible for a CRA to satisfy, as creditors furnish CRAs with consumer information only on a

---

[11] *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998).

[12] *Id.*

[13] *Id.* at 896.

[14] *Id.*

[15] *See* Federal Trade Comm'n, 40 Years of Experience with the Fair Credit Reporting Act: An FTC Staff Report with Summary of Interpretations, at 67–68 (2011), https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf ("CRAs are not required to include all existing derogatory or favorable information about a consumer in their reports.").

No. 19-10199

voluntary basis.[16] Hammer has not alleged, for example, that the CRAs violated their stated disclosure policies or maintained an undisclosed policy of deleting certain favorable items.[17] And Hammer's case is not one that is "truly extraordinary."[18] As a result, his § 1681e(b) claim fails.

## B

Hammer claims that the Defendants violated § 1681i(a) by failing to investigate the omission of his Capital One account from his consumer report. That provision allows consumers to dispute "the completeness or accuracy of any item of information contained in a consumer's file" and requires the CRA to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."[19] If the disputed item is "inaccurate or incomplete or cannot be verified," the CRA must promptly modify or delete it.[20] Unlike § 1681e(b) which concerns the accuracy of "information," § 1681i(a) applies only to "item[s] of information," which are credit entries, such as an account, bankruptcy case, civil suit, or tax lien.[21] While his Capital One account is an item in a credit file, Hammer did not dispute its accuracy or completeness.

---

[16] CHERYL R. COOPER & DARRYL E. GETTER, CONG. RESEARCH SERV., R44125, CONSUMER CREDIT REPORTING, CREDIT BUREAUS, CREDIT SCORING, AND RELATED POLICY ISSUES 4–5 (2019) ("Furnishing tradelines is voluntary, and furnishers are not required to submit tradelines to all CRAs. . . . Furnishers also have discretion over the types of obligations they wish to report.").

[17] *Cf.* FEDERAL TRADE COMM'N, *supra* note 15, at 67–68 ("[A] CRA may not mislead its subscribers as to the completeness of its reports by deleting favorable information and not disclosing its *policy* of making such deletions.") (emphasis added).

[18] *Sepulvado*, 158 F.3d at 896.

[19] 15 U.S.C. § 1681i(a)(1)(A). A consumer file is composed of "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." *Id.* § 1681a(g).

[20] *Id.* § 1681i(a)(5)(A).

[21] *See, e.g., id.* § 1681c(a) (listing "items of information" that must be excluded from a consumer report).

No. 19-10199

According to his complaint, he only "disputed the missing account[,] . . . stating that the Capital One account should appear on his credit report." That is, he disputed the completeness of his credit report, not of an item in that report. As a result, he did not trigger the CRA's § 1681i(a) obligation to investigate.

## C

Section 1681i(a)(5)(B)(ii) provides that if a CRA deletes information from a consumer's file due to a consumer dispute, it must notify the consumer within five days of reinserting that information into the consumer file. Here, Hammer alleges that Equifax failed to provide him the statutory notice when it reinserted the Capital One account in his credit report. But § 1681i(a)(5)(B) only concerns items deleted from and reinserted into credit files, and Hammer repeatedly argued in his briefs that Equifax had not removed the Capital One card from his credit *file* but only excluded it from his credit *report*. Equifax therefore had no duty under § 1681i(a)(5)(B)(ii) to notify Hammer.

Hammer argues that even if he failed to state a claim under § 1681i(a)(5)(B), he should be allowed to amend the pleading. "A district court's refusal to allow leave to amend is reviewed for abuse of discretion by the court of appeals."[22] "In light of the presumption in favor of allowing pleading amendments, courts of appeals routinely hold that a district court's failure to provide an adequate explanation to support its denial of leave to amend justifies reversal."[23] But when the justification for the denial is "readily apparent," a judge's failure to explain "is unfortunate but not fatal to affirmance if the record reflects ample and obvious grounds for denying leave

---

[22] 5B FED. PRAC. & PROC. CIV. § 1357 (3d ed.) (citing *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 722 (5th Cir. 2013)) (other citations omitted).

[23] *Mayeaux v. La. Health Serv. & Indent. Co.*, 376 F.3d 420, 426 (5th Cir. 2004) (citation omitted).

No. 19-10199

to amend."[24] Futility is one such basis, and we review a proposed amendment under "the same standard of legal sufficiency as applies under Rule 12(b)(6)."[25] The district court already provided Hammer with two opportunities to amend his complaint, and Hammer has repeatedly claimed that Equifax never deleted his Capital One item from his credit file. As a result, Hammer's claim is likely futile, and the district court did not abuse its discretion by dismissing the complaint with prejudice.

## IV

We affirm the district court's judgment.

---

[24] *Id.* (citation and internal quotation marks omitted).

[25] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000)).